IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. |
| | : | |
| RAYMOND ANDERSON | : | |

**PLEA AGREEMENT**

Pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, RAYMOND ANDERSON, have reached the following agreement:

1. Defendant will plead guilty to the Indictment which charges conspiracy and carjacking resulting in death. 18 U.S.C. §§ 2, 371, and 2119(3).

2. Defendant further agrees, upon execution of this agreement, to cooperate with the United States as follows:

    a. He will meet with government representatives as often as necessary and provide complete and truthful information to them.

    b. He will appear and testify fully and truthfully in any and all legal proceedings, including, but not limited to, grand jury, trial, re-trial, and sentencing proceedings.

3. Defendant understands and agrees that any and all statements, information, and testimony he provides must at all



times be complete and truthful. If, at any time, he wilfully provides any false statement, information, or testimony, he shall be subject to prosecution for doing so, including but not limited to prosecution for making a false statement, obstruction of justice, and perjury.

    4.    In exchange for Defendant's plea of guilty:

        a.    The government agrees not to seek the death penalty.

        b.    The government will recommend that the Court impose a term of imprisonment from within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines"). There is no agreement as to which guideline offense level applies, including any adjustments or departures that may apply to the Defendant's case. Both the Defendant and the government reserve their right to argue or present evidence on sentencing guideline issues. The Defendant understands that the government is free to recommend any sentence from within the resulting guideline range, including the longest sentence permitted in that range.

        c.    For purposes of determining the offense level, the government agrees to recommend a 3 level reduction in the offense level for acceptance of responsibility under §3E1.1 of the guidelines.

   d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

   e. If the government, in its sole discretion, determines that Defendant has provided substantial assistance to the government in the investigation or prosecution of another person, the government will file a motion under §5K1.1 of the guidelines asking the Court to impose a sentence below the guideline sentencing range or any applicable statutory minimum sentence.  Defendant understands that the decision whether to file such a motion is solely up to the United States Attorney's Office and the decision whether, and to what extent, to grant it is solely up to the Court.  Defendant further understands that any assistance and cooperation he has provided prior to the date of this agreement will be considered by the government in making the decision whether to file such a motion.  Defendant also understands, however, that the statements and testimony he has provided prior to the date of this agreement are not sufficient, standing alone, to cause the government to file the motion.  The government has not made any promise or representation about what sentence it will recommend if it files such a motion or what sentence the Court will impose.

5.  The maximum statutory penalties for the offenses to which Defendant is pleading are as follows:

Count 1

    a.  5 years imprisonment;

    b.  a fine of up to $250,000 or twice the amount of the gain or loss from the offense, whichever is greater;

    c.  a term of supervised release of up to 3 years; and

    d.  a mandatory special assessment of $100; and

Count 2

    a.  life imprisonment or death;

    b.  a fine of up to $250,000 or twice the amount of the gain or loss from the offense, whichever is greater;

    c.  a term of supervised release of up to 5 years; and

    d.  a mandatory special assessment of $100.

6.  Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment.

7.  Defendant understands that he has the following rights:

    a.  to be represented by an attorney at every stage of the proceedings against him;

      b.    to persist in a plea of not guilty;

      c.    to be tried by a jury;

      d.    to have counsel assist him in that trial;

      e.    to confront and cross-examine the witnesses against him;

      f.    to call witnesses on his own behalf; and

      g.    to testify on his own behalf, if he wishes, but also a right against self-incrimination and that he, therefore, could not be forced to testify.

Defendant further understands that, by pleading guilty, he gives up his right to a trial and that, by answering the Court's questions, he also gives up his right not to incriminate himself.

    8.    The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

    9.    Except for paragraph 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

    10.    Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the government's recommendations and is free to impose any sentence

it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

11.  This agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct which may constitute obstruction of justice under §3C1.1 of the guidelines, does not commit any new federal, state, or local offenses, and does not otherwise violate the terms of his release or detention pending sentence.  Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate.  In the event of any such violation, Defendant shall have no right to withdraw his guilty plea.

12.  This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

13.  This agreement constitutes the entire agreement between the parties.  No other promises or inducements have been made concerning the plea in this case.  Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications

6

to this agreement must be made in writing and signed by all the parties in order to be effective.

14. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

15. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

_____   12/20/00
RAYMOND ANDERSON           Date
Defendant

_____   12/20/00
ROBERT B. MANN, Esquire    Date
Counsel for Defendant

_____   December 20, 2000
GERARD B. SULLIVAN         Date
Assistant U.S. Attorney

_____   12/20/2000
CRAIG N. MOORE             Date
First Assistant U.S. Attorney

