UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

    v.                                             Cr. No. 00-141L

RAYMOND ANDERSON

**ORDER**

Defendant Raymond Anderson has filed a Pro Se Motion Seeking Modification of Sentence Based upon 18 U.S.C. § 3582(c)(2) (Doc. #313) ("Motion for Modification of Sentence"). Defendant's Motion for Modification of Sentence is DENIED.

Defendant argues that Amendment 742, which amended §4A1.1(e) of the United States Sentencing Guidelines ("U.S.S.G."), is retroactive and changes the calculation of his criminal history, thereby reducing his sentence. Motion for Modification of Sentence at 1-2. Defendant was sentenced on November 13, 2002, to 360 months incarceration. Id. at 1. Amendment 742 took effect on November 1, 2010. See United States Sentencing Commission Guidelines Manual, Supp. to App. C. However, as the Government notes, there is nothing in Amendment 742 which indicates that it is

to have retroactive effect. <u>See</u> Government's Objection to Defendant's Pro Se Motion Seeking Modification of Sentence Based upon 18 U.S.C. § 3582(c)(2) (Doc. #315) ("Objection") at 2. Moreover, Amendment 742 is not included among the retroactive amendments listed in U.S.S.G. §1B1.10(c). <u>See</u> U.S.S.G. §1B1.10(c); <u>see also id.</u> §1B1.10(b) ("[T]he court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."). Accordingly, because Amendment 742 is not retroactive, Defendant's sentencing range is unaffected by the amendment and his sentence cannot be reduced pursuant to 18 U.S.C. § 3582(c)(2).

In his response to the Objection, Defendant seizes on the Government's statement that: "Anderson is correct in that if he were sentenced today; his criminal history score would be

calculated differently than it was almost a decade ago." Objection at 1; see also Pro-Se motion in response to the Government's objection to Defendant Seeking Modifications of his sentence (Doc. #318) ("Response")[1] at 3; id. ("The defendant and Government agree that the law was fixed eight years after the defendant was sentenced, and if this correction was made before the defendant was sentenced, the defendant would have benifited [sic] from the correction made."). Thus, in Defendant's view, the subsequent amendment to the U.S.S.G. renders his sentence illegal. Id. ("But to correct a mistake in the sentencing guideline system eight years after the defendant was sentence[d], means the defendant was sentenced illegally under a now corrected error."). He is

---

[1] In addition to responding to the Government's arguments, Defendant raises new arguments in his Response. The Court declines to address them. See United States v. Torres, 162 F.3d 6, 11 (1st Cir. 1998)(noting that arguments raised for the first time in a reply brief are generally deemed waived and not considered)(citing United States v. Brennan, 994 F.2d 918, 922 n.7 (1st Cir. 1993)); see also Noonan v. Wonderland Greyhound Park Realty LLC, 723 F.Supp.2d 298, 349)(D. Mass. 2010)(collecting cases). Even if the Court, in its discretion, were to consider them, they are of no benefit to Defendant.
 Defendant also requests the appointment of counsel in his Response. See Response at 2. That request is DENIED.

3

mistaken.

An amendment to the U.S.S.G. is not a "correction." It is simply a change that the Sentencing Commission has decided is appropriate for any number of reasons. Therefore, there is no "error" to "fix," and Defendant's argument fails. See United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997)("[Th]e current sentence is not erroneous, because it was properly imposed based on the guidelines in effect at the time of sentencing.").

Defendant was properly sentenced under the U.S.S.G. as they existed in 2002. His sentence was, and is, legal. Any subsequent change in the U.S.S.G. not made retroactive does not render Defendant's sentence illegal or affect it in any way. Thus, the Court concludes that Defendant's sentencing guideline range is not one that "has subsequently been lowered by the Sentencing Commission ...," 18 U.S.C. § 3582(c)(2), and he is not eligible for relief pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 742.

Accordingly, Defendant's Motion for Modification of Sentence is DENIED.

SO ORDERED:

_____
Ronald R. Lagueux
Senior United States District Judge
DATE: 9/25/13