IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAYMOND ANDERSON, ) | Case No. 1:00-cr-00141-L |
| ) | |
| Movant, ) | **RECEIVED** |
| ) | |
| v. ) | NOV 16 2023 |
| ) | |
| UNITED STATES DISTRICT COURT, ) | U.S. DISTRICT COURT |
| ) | DISTRICT OF R.I. |
| Respondant. ) | |

### MOTION FOR SENTENCE REDUCTION
### PURSUANT TO 18 U.S.C. §3582(c)(2)

Mr. Anderson Respectfully MOVES this Honorable Court for an ORDER reducing his sentence to time served. Movant bases this motion upon the newly amended 821 change to the guideline made retroactive by the change in the guidelines regarding criminal history points applied to offenders who commit thier instant offenses while on probation, under any criminal sentence, parole, supervised release, work release, imprisonment, work status, or any other kind of specific listed enumerated change to the amended "Status points" redesigned under §4A1.1(e) which only applies to offenders with more serious criminal history points, where as before only applied to offenders with minimal or serious criminal histories.

### JURISDICTION

The newly amended Guidleine range now enables Anderson to now recieve the benefit of a lowered Guideline sentnece. The Govt. has conceded this arguemnt. See (Doc. 320) Id. at3.("[T]he defendant and Government agree that the law was fixed eight years after the defendant was sentenced, and if this correction was made before the defendant was sentenced, and the defendant would have benefited [sic] from the correction made"). see 18 U.S.C. §3582(C)(2); U.S.S.G. § 1B1.10(d).

1.

I.

## ARGUEMENT

Defendant was convicted of two misdemeanor, (one for obstrucinting a police officer and one for a simple possession of marijuana). On each occasion, he was designated to probation on both counts. For these two counts, he was designated as having a Criminal History Catagory III because at the time of the carjacking he was on probation for these two offenses which gave him an additional 2 points. HIs base level offense without this would be 38 with a sentencing between 235-293 or 262-327

Defendant has been down for over 276 months, with 84 months left on his sentence. Because the govt. has conceded to this argument they have effectively waived any futher argument on it. The Court also accepted the waiver, and is thus binding on the Court. Even if the govt. and Court could argue, nothing they say could over ride current sentcing policy. Furthermore, relief on this policy is not conditional to anything but the defendant eligibility and statute's retroacivity, which are both present here. Therefore the Court must Grant Anderson relief.

Part A of the amendment addresses "status points" for offenders, namely the additional criminal history points given to offenders for the fact having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. The amendment redesignates current subsection (d) of §4A1.1, which addressess "status points", as subsection (e) and redesignates current subsection(e), which addresses mulitiple crimes of violence treated as a single sentence, as subsection (d). This redesignation is made for ease of application.

Under the previous "status points" provisino, two criminal history points were added under 4A1.1(d) if the defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work relase, or escape status. "The amendmentlimits the overall criminal history impact "status points" in two ways. First, as revised, the "status points" provision under redesingated subsection (e) applies only to offenders with more serious criminal histories under the guidelines by requiring that an offender have seven or more criminal history points under subsectinons (a) through

(d) in addition to having been under a criminal justice sentence at the time of the offense. Offenders with six or fewer criminal history points under subsections (a) through (d) will no longer recieve the "status points". Second, the amendment also reduces from two points to one point the "status points" assessed for offenders to whom the revised provision applies. Part A of the amendment also makes conforming changes to the Commentary to §4A1.1, §2P1.1 )Escape, instigating or Assisting Escape), and §4A1.2 (Definitions and Instructions for Computing Criminal History).

As part of this study of ciminal history, the Commisision found "Status points" are relatively common in cases with at least one criminal point, haiving been applied in 37.5 percent of cases with criminal history over the last five fiscal years. Of the offenders who received "status points", 61.5 percent had a higher criminal history catagory as a result of the addition of the "status points". The Commission also recently published a series of research reports regarding the recidivism rates of federal offenders:, See, e.g., U.S. Sentencing Comm'G, Recidivism of Federal Offenders in 2010 (2021), available at https://www.ussc.gov/research/research-reports/recdivism-federal-offenders-released-2010.

These reports again conclude that an offender's criminal history calculation under the guidelines is strongly associated with the likelihood of future recidivism by the defendant. In a related publication, the Commission also found, however, that status points add little to the overall predictive value associated with the criminal history score. https://www.ussc.gov/research/research-reports/revisiting-status-points.

The Commission's action to limit the impact of "status points" builds upon it's tradition of data-driven evolution of the guidelines. As described in the Introduction to Chapter Four, the original Commission envisioned statuts points as "consistant with the external impirical research assessing correlates of recidivism and patterns of career criminal behaivor" and therefore envisioned "status points" as being reflective of, among other sentencing goals,& the increased likelihood of furture recidivism. See USSG Ch.4, Pt.A intro. comment. The original Commission also explained, however, that it would review additiona data insofaras they become available in the future.". The Commission's recent research suggests that "status points" improve the predictive value of the criminal history score less than the original commission may have excepted, suggesting that the treatment of "status points" under chapter Four should be refined.

3.

REDUCTION OF SENTENCE UNDER §3582
§§(c)(1)(A; U.S.S.C. §1B1.13(b)(6)

The fifth modification to the list of specified extraordinary and compelling reason appears in new subsection (b)(6)("Unusually Long Sentence") and permits non-retroactive changes in the law (other than non-retroactive amendments to the guidelines Manual to be considered extraordinary and compelling reasons warranting a sentence reduction, but only in narrowly circumscribed circumstances. Specifically, where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the senteced likely to be imposed at the time the motion was filed, the law can qualify as an extraordinary and compelling reason after the Court has full considered the defendant's individualized circumstances.

The amendment agrees with the circuits that authorize a district court to consider non-retroactive changes in the law as extraordinary and compelling warranting a sentence reduction but adpots a tailored approach that narrowly limits that principle in multiple ways. First, it permits the consideration of such changes only in cases involving "unussually long sentences", which the legislative history to the SRA expressly identified as a context in which sentence reduction authority is needed. See REP. No. 98-225, at 55 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3238-30. ("The Committee believes that there may be unusual cases in which the eventual reduction in length of a term of imprisonment is justified by changed circumstances. These would include cases of severe ilness, cases, in which other extraordinary and compelling circumstances justify a reduction of an unusualy long sentences, and some cases in which the sentencing guideline for the offense for which the offender was convicted have been later amended to prove a shorter term of imprisonment."; Second, the change in the law itself may be considered an extraordinary and compelling reason only where it would produce a gross disparity between the length of the sentence being served and the sentence likely to be imposed at the time the motion is filed. Finally, to address administrative concerns raised by some commentators , the amendment limits the application of this provision to individuals who have served at least 10 years of the sentence the motion seeks to reduce. Comission

4.

data show that between the fiscal year 2013 and fiscal year 2022, fewer than 12 percent (11.5%) of all offenders were sentenced to a term of imprisonment of ten years or longer.

Subsection (b)(6) excludes from consideration as extraordinary and compelling reasons warranting a reduction in sentnce changes to the Guideline Manual that the Commision has not made retroactive. Public comment requested that the Commission clarify the interaction bewteen §1B1.13 and §1B1.10, and the Commission determined that excluding non-retroactive changes to the guideline from consideration as extraordinary and compelling reason was consistent with §1B1.10 and the Supremem Court's decision in Dillion v. United States, 560 U.S. 817 (2010).

To more fully address the proper role of changes in the law in this context, the amendment also adds a new subsection (c) to the policy statement. Whereas subsection (b)(6) narrowly limits the circumstances in which non-retroactive changes in the law can constitute an extra-ordinary and compelling reason thatcan warrant a reduction in sentence, in subsection (c) of the amended policy statement governs the use of changes in the law in cases where a defendant "otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction." In those circumstances, all changes in the law, including non-retroactive amendments to the Guidelines Manual, may properly be considered in determining the extent of a sentence reduction. For example, a defendant's motion may present the following circumstances: (a) commendable rehabilitation whle incarcerated; (b) the offense conduct occured when the defendant was in his late teens or early twenties; (c) pursuant to intervening legislation or intervening Guideline amendments, the sentence to be likely to be imposed at the time of the motion would be lower than the sentence being served, but not grossly so. In those circumstances, the change in the law could not properly be considered an extraordinary and compelling reason, the change in the law could not properly be considered an extraordinary and compelling reason warranting a reduction in sentence. However, if the court determines that the combination of of the other two factors constitutes an extraordinary and compelling reason, the change in the law is among the broad array of factors that may properly be considered in determining the extent of any such reduction. This aspect of the amendment is fully considered in determining the extent of any such reduction. This aspect of the amendment is fully considered with Concepcion v. United States, 142 S. Ct. 2389(2022).

5.

Subsection (b)(6) and (c) operate together to respond to a circuit split concerning when, if ever, non-retroactive changes in the law may be considered as extraordinary and compelling reaons within the meaning of section 3582(c)(1)(A). Compare United States v. Ruvalcaba, 26 F.4th, 14, 16, 26-28 (1st Cir. 2022)(holding that non-retroactive changes in sentencing law may be cosidered in light of a defendant's particular circumstances), United States v. McCoy, 981 F.3d 271, 286-88(4th Cir. 2022)(same), United States v. Chen, 48 F.4th 1092, 1098 (9th Cir. 2022), (same), and United States v. Mcgee, 992 F.3d 1035, 1047-48(19th Cir. 2021)(same), Because the Movant has demonstrated without contest from the govt., that he should be resentenced to a time of time served and subsequently released, the Court should GRANT him relief being that he also has done over 10 years and he has fit the critirea for the newly amended subsection that allows a person who committed thier crime when they were young and have demostrated strong rehabilitative actions since thier imprisonment began. Anderson has completed 276 months out of a 360 month sentence. Congress has agree that this plus his actions of rehabilitaion can constitute a departure on thier own, see §99(t) or in combination with others, see §1B1.13(b)(6).

And if this is so, it is hard to argue keeping a man who all but all learned his lesson in prison for even longer, when if he was given the same sentence today, he would have been out already, is necessary. This is especially true when Anderson would have completed his term of imprisonment by now if he was sentenced under modern law. This is "an extraordinary and compelling reason for reduction under §3582(c)(1)(A).

## CONCLUSION

WHEREFORE Mr. Anderson Moves this Court to reduce his total time in case No. 1:00-cr-00141-L. to time served, and for all other relief for which he is entitled to.

Respectfull submitted,

Raymond Anderson-04947-070
Defendant-Movant
PRO SE

CERTFICATE OF SERVICE

    I, HEREBY certify that I placed this foregoing §3582 Motion for for Sentence Reduction in the prison mailbox on October 19th, 2023, addressed to the Clerk of Court to the listed address, using Pre-Paid U.S. Postage First Class, to: U.S. District Court, Federal Building and Courthouse, One Exchange Terrace, Providence, RI 02903.

                                          Respectfully submitted,

                                          _____

                                          Raymond Anderson-04947-070
                                          Defendant-Movant
                                          PRO SE